**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-12320

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEJANDRO N. ZUNIGA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00078-MCR-2

————————————

Before LUCK, LAGOA, and ED CARNES, Circuit Judges.

PER CURIAM:

A federal grand jury indicted Alejandro N. Zuniga on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§

2                         Opinion of the Court                    25-12320

841(a)(1), 841(b)(1)(A)(ii), and 846 (Count 1); one count of conspiracy to use a communication facility to facilitate a felony, in violation of 21 U.S.C. §§ 843(b) and 846 (Count 2); and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (Count 3).  He pleaded guilty to all counts. The district court imposed a total term of 120 months imprisonment.  Zuniga timely appealed, arguing that the court committed procedural error in calculating his guidelines range.  We affirm.

## I.

At the sentence hearing, the district court made specific findings regarding sentencing guidelines calculations. It found Zuniga's criminal history category to be I.  And after considering the parties' evidence, the court found that there were five or more participants involved in the drug distribution conspiracy and that Zuniga supervised a "trail-car" driver who had transported cocaine to a drug transaction that Zuniga helped to complete.  Because of Zuniga's role in the conspiracy, the court increased his base offense level by three under U.S.S.G. § 3B1.1(b), yielding a total offense level of 32 and a guidelines range of 121 to 151 months.

Because Count I carried a mandatory minimum term of 120 months imprisonment, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), Zuniga requested that the court sentence him to 120 months imprisonment, which would reflect a one-month downward variance from the guidelines range.  The government did not object to his request.  After considering the 18 U.S.C. § 3553(a) factors, the district court imposed that sentence, finding that a total term of 120

months imprisonment was sufficient but not greater than necessary.[1]

Zuniga appeals his sentence, arguing that it's procedurally unreasonable based on his view that the district court incorrectly calculated his guidelines range when it applied the three-level role adjustment under U.S.S.G. § 3B1.1(b). He contends that the evidence doesn't support the finding that he managed or supervised the trail-car driver. Instead, he asserts that he was an "equal[]" to the driver.[2]

## II.

A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range or bases a sentence on "clearly erroneous facts." *Gall v. United States*, 552, U.S. 38, 51 (2007). We review *de novo* a district court's interpretation of the guidelines and its application of the guidelines to the facts. *United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018). We

---

[1] The district court imposed 120 months imprisonment on Counts I and III and 24 months imprisonment on Count II, all to run concurrently. It also imposed a total term of five years of supervised release following the term of imprisonment.

[2] Zuniga also argues that the court's role-related factual finding precluded him from being eligible for the safety valve in 18 U.S.C. § 3553(f), which would have allowed the district court to impose a sentence "without regard to [the] statutory minimum sentence." 18 U.S.C. § 3553(f). Because we affirm the district court's factual finding as to Zuniga's role in the conspiracy, we don't reach the safety valve issue.

4                     Opinion of the Court                    25-12320

review only for clear error a district court's factual findings, "including its role-enhancement . . . determinations." *Id.*

For guidelines calculation purposes, the three-level aggravating role enhancement applies if the government proves by a preponderance of the evidence that "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants[.]" U.S.S.G. § 3B1.1(b); *see Shabazz*, 887 F.3d at 1222.[3] To qualify for the three-level enhancement, "the defendant need only manage or supervise one other participant in the criminal activity." *United States v. Sosa*, 777 F.3d 1279, 1301 (11th Cir. 2015). The enhancement, however, "cannot be based solely on a finding that a defendant managed the assets of a conspiracy." *Id.* (quotation marks omitted) (explaining that the enhancement *must* be based on the defendant's management or exercise of "control over another participant").

Government-intercepted text messages and phone communications between Zuniga and a higher-ranking member of the conspiracy support the permissible finding that Zuniga was not only higher in the hierarchy than the driver but also supervised him. *See generally United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc) ("[A] trial court's choice between two permissible views of the evidence is the very essence of the clear

---

[3] Zuniga does not argue that there were fewer than five people involved in the conspiracy. And there is sufficient evidence in the record to support the district court's conclusion that at least five people participated in it.

error standard of review.") (quotation marks omitted).  It was Zuniga who communicated the driver's status updates to other members of the conspiracy and who ensured the driver was paid.  That evidence is sufficient to support the district court's conclusion that the three-level role adjustment applied based on Zuniga's "manage[ment] or supervi[sion]" of "one other participant in the" drug distribution conspiracy. *Sosa*, 777 F.3d at 1301; *see also Rodriguez De Varon*, 175 F.3d at 945 ("So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.") (emphasis omitted); *id.* at 946 (explaining that district courts have "considerable discretion in making th[e] fact-intensive determination" of a defendant's "role in the offense").

The district court did not clearly err in finding that Zuniga supervised the trail-car driver. Therefore, it correctly applied the three-level role adjustment when calculating the guidelines range.

**AFFIRMED.**